GAS 245D    (Rev. 09/11) Judgment in a Criminal Case for Revocations

# UNITED STATES DISTRICT COURT
Southern District of Georgia
Savannah Division

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | (For Revocation of Probation or Supervised Release) |
| Anthony J. Reed, aka "Atlanta" | ) | |
| | ) | Case Number:    4:12CR00145-1 |
| | ) | USM Number:    17538-021 |
| | ) | Brian Joseph Huffman, Jr. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☒ admitted guilt to violation of mandatory and special conditions of the term of supervision.

☐ was found in violation of conditions(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these offenses:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | The defendant committed another federal, state, or local crime (mandatory condition). | December 29, 2016 |
| 2 | The defendant committed another federal, state, or local crime (mandatory condition). | February 10, 2017 |
|   | *See Page 2 for Additional Violations* | |

The defendant is sentenced as provided in Pages 3 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec: 7268

Defendant's Year of Birth: 1975

City and State of Defendant's Residence:

Decatur, Georgia

U.S. DISTRICT COURT
Southern District of GA
Filed In Office
_____M_____
10/28/20 19
Deputy Clerk

October 28, 2019
Date of Imposition of Judgment

Signature of Judge

William T. Moore, Jr.
Judge, U.S. District Court
Name and Title of Judge

Oct. 29, 2019
Date

DEFENDANT: Anthony J. Reed, aka "Atlanta"
CASE NUMBER: 4:12CR00145-1

# ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | The defendant failed to perform community service (special condition). | February 15, 2018 |
| 4 | The defendant failed to pay a fine or restitution obligation in accordance with the schedule of payments set forth by the Court (mandatory condition). | February 15, 2018 |
| 5 | The defendant committed another federal, state, or local crime (mandatory condition). | November 24, 2017 |
| 6 | The defendant committed another federal, state, or local crime (mandatory condition). | December 7, 2017 |

DEFENDANT: Anthony J. Reed, aka "Atlanta"
CASE NUMBER: 4:12CR00145-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: <u>time served.</u>

☐ The Court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : <u>34 months. Jurisdiction shall not be transferred from the Southern District of Georgia.</u>

 The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

 If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

 The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) any possession, use, or attempted use of any device to impede or evade drug testing shall be a violation of supervised release.

DEFENDANT: Anthony J. Reed, aka "Atlanta"
CASE NUMBER: 4:12CR00145-1

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing for drug and alcohol abuse. Further, the defendant shall not tamper with any testing procedure.

2. The defendant shall not drive a motor vehicle unless his driver's license is reinstated.

3. The defendant shall complete 40 hours of community service during the first 12 months of supervision.

4. The defendant shall provide the probation officer with access to any requested financial information. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

5. The defendant shall inform any employer or prospective employer of his/her current conviction and supervision status.

6. The defendant shall submit his or her person, property, house, residence, office, papers, vehicle, computers (as defined in 18 U.S.C. § 1030(e)(1)), or other electronic communications or data storage devices or media, to a search conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

7. If not attained while incarcerated, the defendant shall earn a General Educational Development diploma, or shall endeavor in a similar educational program.

8. The defendant shall not enter into any self-employment while under supervision without prior approval of the United States Probation Office.

9. The defendant shall not be employed in any fiduciary capacity or any position allowing access to credit or personal information of others unless the United States Probation Office approves such employment.

10. The defendant shall maintain not more than one financial institution account or be a signor on a financial institution account without the prior approval of the United States Probation Office.

## ACKNOWLEDGMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and-or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
         Defendant                            Date


_____              _____
U.S. Probation Officer/Designated Witness    Date

DEFENDANT: Anthony J. Reed, aka "Atlanta"
CASE NUMBER: 4:12CR00145-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Trafficking Act Assessment | Fine | Restitution |
|--------|------------|----------------------------|------|-------------|
| TOTALS | $          | $                          | $    | $89,774.69  |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| SunTrust Bank<br>Attn: Investigator Tim McMillen<br>33 Bull Street, 3rd Floor<br>Savannah, Georgia 31401<br>Reference Number 2012011372 | | $86,810.93 | 1 |
| IRS – RAS<br>Attn: Mail Stop 6262 – Restitution<br>333 West Pershing Avenue<br>Kansas City, Missouri 64108<br>Reference: Anthony J. Reed,<br>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<br>Case Number 4:12CR00145 | | $2,963.76 | 2 |
| TOTALS | $ | $ 89,774.69 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☒ the interest requirement is waived for   ☐ fine   ☒ restitution.

　　☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

☐ The court determined that the defendant is   ☐ indigent   ☐ non-indigent   under the Justice for Victims of Trafficking Act of 2015.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Anthony J. Reed, aka "Atlanta"
CASE NUMBER: 4:12CR00145-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due
   ☐ not later than _____ , or
   ☐ in accordance ☐ C, ☐ D ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately.

C ☒ Payment in equal   monthly   (e.g., weekly, monthly, quarterly) installments of $ 75 over a period of 34 months (e.g., months or years), to commence   immediately  ; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Pursuant to 18 U.S.C. § 3572(d)(3), the defendant shall notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers

| Name | Case Number | Total Amount | Joint and Several Amount |
|---|---|---|---|
| Anthony J. Reed | 4:12CR00145-1 | $89,774.69 | $89,774.69 |
| Marquita Nelson | 4:12CR00136-1 | $83,474.93 | $83,474.93 |
| Etoye Lynch | 4:12CR00136-2 | $6,299.76 | $6,299.76 |
| Raeem Sinclair | 4:12CR00136-3 | $89,774.69 | $89,774.69 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.